**McClain v. Bureau of Driver Licensing**

*Robert J. Kopacz,* for Commonwealth.
*C. William Shilling,* for defendant.

MILLER, *J.,* July 25, 2008—

### I. FINDINGS OF FACT

(1) The petitioner was charged with a violation of 75 Pa.C.S. §3802 or, driving under the influence, in Febru-

ary of 2007. He was admitted into the Accelerated Rehabilitative Disposition Program for this offense.

(2) On February 4, 2008, the defendant was charged with another driving under the influence offense and was asked to submit to a chemical test.

(3) Petitioner refused the chemical testing on two different occasions, including after he was given warnings that refusal could result in the loss of his license and other enhanced penalties.

(4) On April 4, 2008, the Commonwealth of Pennsylvania Department of Transportation notified the petitioner that his commercial driving privileges would be suspended for life under 75 Pa.C.S. §1611(c).

## II. DISCUSSION

Section 1611 of the Pennsylvania Motor Vehicle Code provides in pertinent part as follows:

"(a) *Disqualification for first violation of certain offenses.* Upon receipt of a report of conviction, the department shall, in addition to any other penalties imposed under this title, disqualify any person from driving a commercial motor vehicle or school vehicle for a period of one year for the first violation of:

"(1) section 3802 (relating to driving under influence of alcohol or controlled substance) or former section 3731, where the person was a commercial driver at the time the violation occurred;

"(c) *Disqualification for two violations of certain offenses.* The department shall disqualify for life any person convicted of two or more violations of any of the

offenses specified in subsection (a), or the subject of two or more reports of test refusal as specified in section 1613, or any combination of those offenses and/or refusals, arising from two or more separate and distinct incidents." 75 Pa.C.S. §1611.

The petitioner argues the department does not have the authority to disqualify him from operating a commercial vehicle for life because an ARD is not a "conviction" under the Vehicle Code.

This issue was recently addressed by our Commonwealth Court in *Thorek v. PennDOT,* 938 A.2d 505 (Pa. Commw. 2007) where the licensee made the same argument as our petitioner. The court held the definition of conviction from the Vehicle Code pertaining to registration and licensing of commercial drivers was the proper definition to apply to determine whether licensee's acceptance into ARD following DUI charge constituted a conviction. 75 Pa.C.S. §1603 states:

"For the purposes of this chapter, a conviction includes a finding of guilty or the entering of a plea of guilty, nolo contendere or the unvacated forfeiture of bail or collateral deposited to secure a person's appearance in court as determined by the law of the jurisdiction in which the prosecution was held. A payment of the fine for the violation by any person charged with a violation of this title is a plea of guilty. *The term shall include the acceptance of accelerated rehabilitative disposition* or other preadjudication disposition for an offense or an unvacated finding of guilt or determination of violation of the law or failure to comply with the law by an authorized administrative tribunal. The term does not include a conviction which has been overturned or for which an indi-

vidual has been pardoned." 75 Pa.C.S. §1603. (emphasis added)

Our case is similar to the *Thorek* case in that petitioner's first DUI offense for which he was granted ARD is a conviction pursuant to the definition in 75 Pa.C.S. §1603. Furthermore, defendant's refusal to submit to chemical testing when he was arrested by Officer Mecca constitutes a refusal pursuant to 75 Pa.C.S. §1613 which states:

"*(a) Implied consent.* A person who drives a commercial motor vehicle in this Commonwealth is deemed to have given consent to take a test or tests of the person's breath, blood or urine for the purpose of determining the person's alcohol concentration or the presence of other controlled substances."

## III. CONCLUSION OF LAW

(1) Chapter 16 of the Vehicle Code expressly authorized the department to suspend petitioner's commercial operating license for life after he was accepted into ARD for his first driving under the influence offense and his later refusal of a chemical test for his second driving under the influence offense.

## ORDER

And now, July 25, 2008, petitioner's appeal of the department of transportation's notice of April 4, 2008 is dismissed.